UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEVI MICAH BARTER,<br><br>   Petitioner,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>   Respondents. | No. CV 14-2418-DMG (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |

  On March 31, 2014, petitioner, who is currently in state custody, filed a Petition for Writ of Habeas Corpus (the "Petition"). According to the Petition, petitioner is challenging his 2009 conviction in the Los Angeles County Superior Court under California Penal Code §§ 245(a)(1), 12022.7(a). (See Petition at 1-2). For the reasons expressed below, it appears that the instant Petition is unexhausted.

  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28

U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears that petitioner has not exhausted his state judicial remedies in connection with this matter.  (See Petition at 2-5).  Petitioner indicates that, although he did not appeal his judgment of conviction in the California Court of Appeal, he did file a "Motion for Resentencing Habeas Corpus" in the California Superior Court, which he asserts was denied in January, 2014.  (See Petition at 2-3).  Petitioner concedes that he has not filed any "petitions, applications, or motions . . . with respect to this judgment" in the California Court of Appeal.  (See Petition at 3).  He further concedes that he has not filed any petitions with respect to this judgment in the California Supreme Court (see Petition at 4), and did not raise any of the four grounds for relief in the California Supreme Court.  (See Petition at 6-9).[1]  As the instant Petition appears to be

---

[1] Petitioner explains that he "did not file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition," because the ground for relief on which the Petition is, in part, based, "is a federal question to be adjudicated in a federal court." (See Petition at 5).  This (continued...)

unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

Further, a petitioner seeking habeas corpus relief must name the state officer having custody of him or her as the respondent to the Petition. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. This person typically is the warden of the facility in which the petitioner is incarcerated. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce "the body" of the petitioner); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (holding that where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the "prisoner must name the warden of the penitentiary where he is confined as respondent"). See also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895-96 (9th Cir. 1996), as amended (holding that California Director of Corrections may, under certain circumstances, be properly named as a respondent in a habeas action). Failure to name the correct respondent deprives federal courts of personal jurisdiction. Stanley, 21 F.3d at 360; Dunne, 875 F.2d at 249. As the current petition does not name the proper respondent for a habeas proceeding, this Court lacks jurisdiction to entertain the action.

For the foregoing reasons, **no later than April 24, 2014**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies and for failure to name a proper respondent. Filing by petitioner of an Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus -- clearly showing that petitioner has exhausted his state judicial remedies and naming a proper respondent shall be deemed compliance with this Order to Show Cause. **Petitioner is advised that his failure to**

---

[1](...continued)
does not excuse petitioner's failure to exhaust. Addressing the violation of federal laws by a state court is a core function of habeas corpus relief. See 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

1  **show in his Amended Petition that he has exhausted his state judicial remedies will result**
2  **in the action being dismissed for lack of exhaustion. Petitioner is further advised that his**
3  **failure to timely respond to this Order will result in the action being dismissed for failure**
4  **to prosecute and failure to follow Court orders.**

5  The Court Clerk is directed to send petitioner a copy of his current Petition, together with
6  blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person
7  in State Custody. Any Amended Petition or other filing with the Court shall use the case number
8  assigned to this action.

11 DATED: April 3, 2014

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4