**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LEVI MICAH BARTER, | No. CV 14-2418-DMG (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION FOR LACK OF EXHAUSTION** |
| JERRY BROWN, et al., | |
| Respondents. | |

## INTRODUCTION

On March 31, 2014, petitioner, who is currently in state custody, filed a Petition for Writ of Habeas Corpus (the "Petition"). In the Petition, petitioner challenges his 2009 conviction and sentence in the Los Angeles County Superior Court under California Penal Code §§ 245(a)(1), 12022.7(a). (See Petition at 1-2). On April 3, 2014, because the Petition indicated that none of petitioner's four grounds for relief was exhausted (see Petition at 6-9), the Magistrate Judge ordered petitioner to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies. The Magistrate Judge further instructed that a petitioner seeking habeas corpus relief must name the state officer having custody of him or her as the respondent to a petition, and indicated that the instant Petition does not name the proper respondent for a habeas proceeding. Petitioner was advised that the filing of an Amended Petition

on the Central District of California's form Petition for Writ of Habeas Corpus clearly showing that he has exhausted his state judicial remedies and naming a proper respondent would be deemed compliance with the Order to Show Cause.[1]

On April 23, 2014, instead of filing an Amended Petition on the proper form, petitioner sent to the Court a "Petition for Writ of Mandamus - Order to Compel[] Judges 'Romero and Farrari' to 'Adjudicate' Judge Lua's 'Order' on Resentencing Pursuant to Apprendi" ("Response"), which the Court construes as petitioner's response to the Magistrate Judge's Order to Show Cause. In his Response, petitioner appears to assert, among other things, that his case is not being "adjudicated" in state court, and that petitioner "has been placed into a ... 'legal limbo,'" because of the "refus[al]" of state court judges to "adjudicate." (See Response).

## DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

---

[1] On April 1, 2014, a Petition for Habeas Corpus by a Person in State Custody, also filed by petitioner, was transferred to this Court from the United States District Court for the Eastern District of California in Case No. CV 14-2593-DMG (PLA) ("Eastern District Petition"). In the Eastern District Petition, petitioner challenges the same conviction and sentence, raising the same four grounds for relief as in the instant Petition, but failing to clearly indicate whether those grounds have been fully exhausted in the state courts. (See Eastern District Petition at 3-6). In an April 11, 2014, Order to Show Cause, the Magistrate Judge ordered petitioner to show in an Amended Petition that he has, in fact, exhausted his state judicial remedies, and warned petitioner that his failure to show that he has so exhausted would result in the action being dismissed for lack of exhaustion. (See Case No. CV 14-2593-DMG (PLA), Docket No. 17).

On April 17, 2014, a Petition for Habeas Corpus by a Person in State Custody, again filed by petitioner, was transferred to this Court from the United States District Court for the Southern District of California in Case No. CV 14-3089-DMG (PLA) ("Southern District Petition"). In the Southern District Petition, petitioner also challenges the same conviction and sentence, raises essentially the same four grounds for relief as in the instant Petition and the Eastern District Petition, and once again indicates that none of those grounds has been exhausted in the state courts. (See Southern District Petition at 6-9).

in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner has not exhausted his state judicial remedies in connection with this matter. (See Petition at 2-9).  In addition to specifically indicating in his Petition that he has not filed any "petitions, applications, or motions . . . with respect to this judgment" in the California Court of Appeal or the California Supreme Court (see Petition at 3-4), petitioner also specifically acknowledges that he has not raised any of the four grounds for relief in the instant Petition in the California Supreme Court.  (See Petition at 6-9).  Petitioner fails to explain how any asserted "refus[al] to adjudicate" by the state courts has made it impossible for petitioner to file a state habeas petition in the California Supreme Court, and additionally fails to demonstrate any lack of available state corrective process, or to explain how any such process would be ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).  Because the instant Petition is unexhausted, it is

3

subject to being dismissed without prejudice. <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

Further, a petitioner seeking habeas corpus relief must name the state officer having custody of him or her as the respondent to the Petition. <u>See</u> Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. This person typically is the warden of the facility in which the petitioner is incarcerated. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994); <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce "the body" of the petitioner); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989) (holding that where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the "prisoner must name the warden of the penitentiary where he is confined as respondent"). <u>See also</u> <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 895-96 (9th Cir. 1996), <u>as amended</u> (holding that California Director of Corrections may, under certain circumstances, be properly named as a respondent in a habeas action). Failure to name the correct respondent deprives federal courts of personal jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Dunne</u>, 875 F.2d at 249. As the current Petition does not name the proper respondent for a habeas proceeding, this Court lacks jurisdiction to entertain the action.

## CONCLUSION

In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for failure to exhaust state judicial remedies and for failure to name a proper respondent. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

DATED: April 29, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

4